IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BONNIE SUE DEHART, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-17-70-RAW-SPS |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Bonnie Sue Dehart requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. She appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the decision of the Commissioner should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]"  42 U.S.C. § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  1) whether the decision was supported by substantial evidence, and 2) whether the correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted].  The term "substantial evidence" requires "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on December 19, 1956, and was fifty-nine years old at the time of the administrative hearing (Tr. 38, 200). She earned her GED, and has previously worked as a nurse aide (Tr. 65, 233). The claimant alleges she has been unable to work since June 29, 2014, due to a stroke, severe uncontrollable high blood pressure, high cholesterol and triglycerides, elevated white blood cell count, and high blood sugar (Tr. 232).

## Procedural History

On July 7, 2014, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and on July 18, 2014, she applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ James Stewart held an administrative hearing and determined the claimant was not disabled in a written decision dated November 25, 2016 (Tr. 19-32). The Appeals Council denied review, so the ALJ's written decision represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at steps four and five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that she

could not climb ladders, ropes, or scaffolds, nor could she crawl or have exposure to unprotected heights, open flames, dangerous machinery/equipment, or other hazardous conditions. Additionally, he determined that she could understand, remember, and carry out simple or intermediate level instructions and perform simple and some tasks of intermediate level difficulty under routine supervision, such that she is capable of doing simple or at most semi-skilled work; that she could relate to supervisors and co-workers on a superficial basis; and that she could adapt to work situations (Tr. 24). The ALJ thus concluded that the claimant was capable of performing her past relevant work as a nurse aide (Tr. 30). Alternatively, the ALJ determined that there was other work in the national and regional economy that she could perform, *i. e.*, laundry worker, hand packager, and industrial sweeper/cleaner (Tr. 32).

## Review

The claimant contends that the ALJ erred by: (i) failing to properly assess her RFC, and (ii) improperly determining that she could return to her past relevant work. As part of the alleged RFC errors, the claimant alleges errors related to failure to account for left-sided weakness and the need for a cane, failure to develop the record with regard to her mental impairments, and failing to account for her subjective complaints. The undersigned Magistrate Judge finds that the ALJ did fail to properly evaluate the claimant's RFC, and the decision of the Commissioner should therefore be reversed.

The ALJ determined that the claimant had the severe impairments of residual effects of stroke (cerebrovascular accident "CVA"), anxiety, and depression (Tr. 21). The medical evidence relevant to the claimant's physical impairments reveals that the

claimant experienced a cerebral infarction (CVA) on July 1, 2014, at which time she presented with left-sided numbness, weakness, and slurred speech (Tr. 344). This was confirmed with an MRI (Tr. 355). She was discharged two days later with "very minimal weakness on the left side compared to the right," and was considered asymptomatic otherwise (Tr. 359). In August 2014, the claimant was noted to still be dragging her left foot, and follow-up treatment notes frequently reported continued mild left lower and/or upper extremity paresis (Tr. 375, 384, 396, 411). An additional CT of the brain conducted on February 20, 2015 revealed no acute intracranial process; remote lacunar infarcts involving both internal capsules, left more involved than the right; and mild chronic microvascular white matter ischemic changes (Tr. 413). A treatment note on March 16, 2015, found no muscle weakness, numbness, or trouble walking (Tr. 414). The previous month, however, treatment notes had stated that the claimant's left-sided weakness from the CVA had not changed (Tr. 428).

    On February 16, 2015, the claimant's treating nurse practitioner, Linda Huffman, completed a physical RFC evaluation, in which she indicated that the claimant could sit thirty minutes total in an eight-hour workday and stand/walk five minutes total, and that she needed an assistive device in order to stand, walk, and balance (Tr. 443). She further indicated that the claimant could rarely lift/carry up to five pounds, that her lower extremities were limited for rapid movements, and that her legs needed to be elevated when she was seated (Tr. 444). She also checked boxes indicating that the claimant could either rarely or never perform manipulative and postural limitations, and that she must completely avoid environmental restrictions (Tr. 444-446). In support, she cited the

claimant's weakness in all muscle groups, poor balance, and history of two CVAs (Tr. 446). Evidence submitted to the Appeals Council included a prescription for a cane due to muscle weakness, dated February 16, 2015 (Tr. 447).

State reviewing physicians determined the claimant could perform medium work with no manipulative, postural, visual, or environmental limitations (Tr. 100).

At the administrative hearing, the claimant testified that she had a cane from a previous ankle injury that she used, and when asked if one had been prescribed to her, she stated that her nurse practitioner had told her to use a cane if she had one (Tr. 56-57).

In his written opinion, the ALJ thoroughly summarized the claimant's hearing testimony, as well as much of the medical evidence. He noted the evidence related to her 2014 CVA, as well as the follow-up findings (Tr. 25-26). Specifically, he stated that the treatment notes at times noted muscle weakness but not always. He further noted that she had not been prescribed a cane but recited her testimony that her doctor had told her to use one when she needed it, and further emphasized that "when weakness was noted in the record, it was merely 4/5 on the left as compared to 5/5" (Tr. 27). The ALJ gave great weight to the state reviewing physician opinion that the claimant could perform medium work, noting that her "excellent recovery" from her CVA was not consistent with the reported severity of her symptoms (Tr. 28). He noted that Ms. Hoffman, as a registered nurse practitioner, was not an acceptable medical source but that he had considered her opinion in accordance with Soc. Sec. Rul. 06-3p, and assigned it little weight, concluding that her findings were "seemingly exaggerated" and inconsistent with the record (Tr. 29). He also noted that the state reviewing physicians made no finding

that the claimant needed a cane, and that Ms. Hoffman's diagnoses of the claimant (diabetes, hypertension, anxiety, and depression) were not residual stroke symptoms (Tr. 29). He then concluded that the claimant could perform medium work with limited exposure to hazards in light of her history of strokes (Tr. 30).

The claimant argues that the ALJ erred in failing to properly assess her RFC, including failure to account for left-sided weakness and the need for a cane, failure to develop the record with regard to her mental impairments, and failing to account for her subjective complaints. The undersigned Magistrate Judge agrees. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e. g.*, laboratory findings) and nonmedical evidence (*e. g.*, daily activities, observations)." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination." *Jagodzinski v. Colvin*, 2013 WL 4849101, at *2 (D. Kan. Sept. 11, 2013), *citing Brown v. Commissioner of the Social Security Administration*, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003). Here, the admittedly sparse evidence reflects repeated reports of muscle weakness, and the claimant's testimony regarding use of a cane. In other words, the ALJ focused on the lack of prescription for a cane, and while he faithfully acknowledged the muscle weakness in the record, he failed to actually connect the evidence he recited to the RFC, particularly with regard to how the RFC accounts for the claimant's muscle weakness in light of the requirements of medium work that include

the ability to lift/carry up to fifty pounds occasionally. "[T]he ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013), *quoting* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7. "[I]t is incumbent on the ALJ to comply with SSR 96-8p by providing a narrative explanation for his RFC finding that plaintiff can perform [the] work, citing to specific medical facts and/or nonmedical evidence in support of his RFC findings." *Jagodzinski v. Colvin*, 2013 WL 4849101, at *2 (D. Kan. Sept. 11, 2013). *See also Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 740-741 (10th Cir. 2007) ("The ALJ's inability to make proper RFC findings may have sprung from his failure to develop a sufficient record on which those findings could be based. The ALJ must make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC.") [quotations omitted]. This is particularly important here where the only examining source in the record, Ms. Hoffman, opined that the claimant could do far less than sedentary work. In fact, at the administrative hearing, the ALJ himself stated that it was a close question as to whether the claimant could perform light or medium work, but noted that if she could only perform light work that she would be considered disabled under the Grids (Tr. 51). This raises the question as to whether the ALJ engaged in improper picking and choosing in order to avoid finding the claimant disabled. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984)

The undersigned Magistrate Judge's finding for reversal is bolstered by the additional evidence submitted to the Appeals Council, particularly the evidence regarding the claimant's prescription for a cane on February 16, 2015, specifically for her muscle weakness (Tr. 447). The Appeals Council was required to properly consider this evidence if it was: (i) new, (ii) material, and (iii) "related to the period on or before the date of the ALJ's decision," *see Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004), *quoting Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995), but failed to do so here. Evidence is new if it "is not duplicative or cumulative," and this evidence qualifies as such. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003), *quoting Wilkins v. Sec'y, Dep't of Health & Human Svcs.*, 953 F.2d 93, 96 (4th Cir. 1991). Second, evidence is material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191, *quoting Wilkins*, 953 F.2d at 96. The evidence must "reasonably [call] into question the disposition of the case." *Id. See also Lawson v. Chater*, 83 F.3d 432, 1996 WL 195124, at *2 (10th Cir. April 23, 1996) (unpublished table opinion). Here, this evidence supports the serious nature of the claimant's muscle weakness, and calls into question the ALJ's decision, particularly in light of the claimant's combination of impairments related to lifting, carrying, standing, and walking. In finding the claimant could perform the standing and walking requirements of medium work, the ALJ relied, at least in part, on the limited evidence (or lack thereof) related to the claimant's use of a cane and lack of prescription, and such evidence to the contrary is clearly material.

Finally, the evidence is chronologically relevant because it pertains to the time "period on or before the date of the ALJ's Decision." *Kesner v. Barnhart*, 470 F. Supp. 2d 1315, 1320 (D. Utah 2006), *citing* 20 C.F.R. § 404.970(b). The claimant meets the insured status through December 31, 2017, so all of the records are relevant to the claimant's condition as to the existence or severity of her impairments, and the prescription itself is dated prior to the ALJ's decision. *See Basinger v. Heckler,* 725 F.2d 1166, 1169 (8th Cir. 1984) ("[M]edical evidence of a claimant's condition subsequent to the expiration of the claimant's insured status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status."), *citing Bastian v. Schweiker,* 712 F.2d 1278, 1282 n.4 (8th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983); *Dousewicz v. Harris,* 646 F.2d 771, 774 (2d Cir. 1981); *Poe v. Harris,* 644 F.2d 721, 723 n. 2 (8th Cir. 1981); *Gold v. Secretary of H.E.W.,* 463 F.2d 38, 41-42 (2d Cir. 1972); *Berven v. Gardner,* 414 F.2d 857, 861 (8th Cir. 1969).

The evidence presented by the claimant after the administrative hearing thus *does* qualify as new and material evidence under C.F.R. §§ 404.970(b) and 416.1470(b), and the Appeals Council considered it (Tr. 4), so the newly-submitted evidence "becomes part of the record . . . in evaluating the Commissioner's denial of benefits under the substantial-evidence standard." *Chambers*, 389 F.3d at 1142, *citing O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). The ALJ had no opportunity to perform the proper analysis, and while the Appeals Council considered this new evidence, they failed to analyze it in accordance with the aforementioned standards. The undersigned Magistrate

Judge recognizes that the Appeals Council is not required to make factual findings about a newly submitted opinion or evidence when it denies review. *See Vallejo v. Berryhill,* 849 F.3d 951, 955-56 (10th Cir. 2017). Nonetheless, the ALJ's decision must be supported by substantial evidence *including* any newly submitted evidence. *Id.* at 956, *citing O'Dell,* 44 F.3d at 858-59. Here, the new evidence calls into question the claimant's ability to perform medium work, which is in direct conflict with the ALJ's determination that the claimant could perform a limited range of medium work. In light of this new evidence, the Court finds that the decision of the Commissioner is not supported by substantial evidence. On remand, the ALJ should re-assess the claimant's RFC in light of *all* the new evidence, and then re-determine the work he can perform, if any, and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 9th day of February, 2018.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**